## C. H. DEAN v. L. B. INGLE.

(Case No. 3079.)

1. LAND — RESCINDING SALE — FRAUDULENT REPRESENTATIONS.— A purchaser induced to buy land by the fraudulent representations of the vendor as to its quality, situation and value, which he at the time believed and acted upon, may have the sale rescinded.

APPEAL from Limestone.   Tried. below before the Hon. D. M. Prendergast.

L. B. Ingle filed his petition in the district court of Limestone county on the 26th day of December, 1874, against C. H. Dean.   The petition alleged, in substance, that on or about the 7th day of November, 1874, Dean sold Ingle a tract of land, situated in Hunt county, Texas, containing three hundred and twenty acres (describing it); that a deed to the same was duly made and authenticated; that the consideration for said transfer was houses and lots, described by number, etc., and as in the town of Groesbeeck, in Limestone county, which were deeded to defendant by plaintiff at the time the trade was made; that the property in the town of Groesbeeck referred to was of the value of $800; that the defendant falsely and fraudulently represented to plaintiff that the said land, situated in Hunt county, was splendid second bottom land, opening back into the upland; that there was a magnificent body of timber on the land, rendering it particularly valuable for cordwood; was conveniently situated to and within four miles of a railroad; that there were beautiful building sites on it; that there were some improvements, a field, an old house, a well; was valuable for tillage, and was worth fully the sum of $2 per acre; that having the utmost confidence in the representations of defendant, and believing them to be true, and being influenced thereby, plaintiff acted on said representations, being ignorant as to the falsehood of the same, and traded his property in the town of Groesbeeck to defendant for the land situated in Hunt county.   That the representations of defendant that the land in Hunt county was valuable, convenient to a railroad, and had some improvements

thereon, etc., were false within the knowledge of defendant, and were made with the intention and for the purpose of defrauding this plaintiff. That in consequence and pursuance of said trade, plaintiff moved his family and household goods from Limestone county to Hunt county, and then for the first time saw said land. That the land, instead of being as represented by defendant, was utterly worthless for agricultural purposes, it being overflowed land, and unfit for a homestead.` That the land had no improvements on it as represented by defendant. That it was not nearer than about eighteen or twenty miles to a railroad. That he was damaged $500. That he has offered, and is now ready, to return to defendant this land, and the difference received in the trade made between defendant and plaintiff. That defendant refuses to rescind this contract, although often requested so to do. Prayer for judgment rescinding the transaction, and the re-establishment of the title to the property in the town of Groesbeeck in himself, and for damages, and for general and special relief.

At the February term, 1875, defendant answered with a general denial; and at the October term, 1875, filed an amended answer, setting up a ratification.

On 13th March, 1875, plaintiff filed an amended petition, alleging that he was never on the land purchased from defendant, situated in Hunt county, until after the purchase, but trusted wholly to the representations of the defendant in making the trade, and praying for damages, for rent, etc.; and adopting all the allegations in his original petition.

On the 16th October, 1875, plaintiff filed his second amended petition, alleging an offer to refund to defendant all money he had paid plaintiff, and to protect him from liability on the Cook note; and denying the alleged ratification in defendant's amended answer, and charging the defendant with additional fraud in obtaining the document pleaded as a ratification.

On the 20th day of October, 1875, the parties went to trial, and the jury returned the following verdict: " We, the jury, find for the plaintiff and to rescind the trade, and place

each party *statu quo;* and we further find for the plaintiff damages and rents to the amount of one hundred and twenty-six dollars ($126)."

On the 22d October, 1875, the defendant moved the court for a new trial, for the reasons:

1st. The charge of the court is contrary to the law.

2d. The verdict of the jury is contrary to the law and the evidence.

3d. For other good and sufficient reasons apparent on the face of the record.

And also motion in arrest of judgment, because:

1st. The petition in said cause is not sufficient in law to entitle the said plaintiff to the remedy asked for.

2d. The judgment, as it appears of record, is wrong and *fraudulent,* and not in accordance with the verdict of the jury.

3d. For other good and sufficient reasons apparent on the record.

These motions were both overruled, and defendant appealed. The judgment rendered upon the verdict canceled the deeds constituting the transaction, adjudged $126 to plaintiff, and costs.

The testimony was conflicting. Ingle testified to the representations alleged in the petition as having been made to him by Dean; that he relied upon them, and made the trade in ignorance, etc. This was corroborated by other witnesses. It was proven that the land was overflowed bottom land, sixteen miles from a railway, unfit for a residence, had no improvements, unfit for tillage; was of very little value, and that Dean knew it.

Witnesses testified to declarations by Dean about the trade, sustaining the charge of fraud on his part; there was testimony tending to show that Dean had the aid of others in producing upon Ingle the belief as to the value of the land. There was testimony, however, in behalf of defendant, tending to show facts that, ordinarily, would have put a prudent man upon his guard.

There was testimony as to the transaction after the suit

pleaded by defendant; as to this, too, the testimony is con-
flicting; also testimony as to rents of the Groesbeeck houses.
Plaintiff acknowledged receiving $100 on the trade, and
$25 had been paid on the Cook note for plaintiff.

The demurrer was not passed upon by the court.

The assignments of error are:

1. The court erred in refusing to grant a new trial.

2. The court erred in refusing to arrest the judgment.

*F. W. Munce*, for appellant.

*W. H. Frisbie*, for appellee.

A. S. WALKER, J.— The errors assigned only put in ques-
tion: (1) the petition as on general demurrer; (2) the charge
to the jury; (3) the sufficiency of the testimony to sustain
the verdict; and (4) the sufficiency of the verdict to sustain
the decree.

1. The petition alleges representations by defendant to
material facts, constituting an inducement to the contract;
relied on by the plaintiff; not within plaintiff's knowledge;
and owing to the remoteness of the situation of the land,
plaintiff could not examine it, but was induced to rely upon
the representations by defendant; that the representations
were false; an offer at once on discovery of the facts by
plaintiff to restore the land and money received; refusal,
etc.

In the absence of special exceptions, these facts were suffi-
ciently alleged, and they would be ground for equitable
relief, by rescission. Adams on Eq., 176 and note, and
authorities; Story's Eq. Jur., §§ 192–200; Jackson *v.* Stock-
bridge, 29 Tex., 400; Mitchell *v.* Zimmerman, 4 Tex., 82;
Wintz *v.* Morrison, 17 Tex., 372.

2. There were no objections taken to the charge of the
court, nor were instructions asked by the defendant. While
the charge is not as full as may have been desirable under
the range of testimony under the pleadings, there is no error
noticed in its terms or legal effect. For mere deficiency in
the charge, not noticed by the party affected, or likely to be

affected, by such omission, the appellate courts do not reverse. It is presumed that the charge was satisfactory when given, and that parties are *at that time* the best judges of what issues are material, and what form of instructions are best adapted to aid the jury in reaching correct results upon the testimony as actually before them.

3. The verdict has testimony to sustain it. The main allegations in the bill were well supported by evidence. There was conflict in some details; and testimony which, if believed, may have justified a verdict for the defendant. In cases of conflict the jury is made the tribunal whose act is conclusive except in clear cases of abuse. The greater part of the vigorous argument of appellant is directed to the sufficiency of the testimony. The answer is that there was conflicting testimony and the jury could determine which witnesses to believe.

4. The verdict ascertaining "the damages and rents to the amount of $126" seems to have been made upon the testimony and without regard to the allowed offset of $125, recognized in the pleading, and clearly shown by the evidence as having been received by plaintiff on the contract from defendant. The plaintiff has offered to correct the error and remit the excess of $125, so found. The rights of the parties will be attained under the facts found by the verdict by reversing and rendering the judgment so as to conform to this correction. Judgment will be rendered as below, but for $1 damages; costs of appeal taxed to appellee.

REVERSED AND RENDERED.